# In the United States Court of Federal Claims

Nos. 02-943C & 02-944C (Consolidated)

(Filed: November 1, 2006)

| | |
|---|---|
| ***************************************** | * |
| | * |
| TRINITY RIVER LUMBER CO., INC., | * |
| | * |
| and | * |
| | * |
| HAGEN & SONS, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| ***************************************** | * |

**ORDER ON PLAINTIFFS' MOTION *IN LIMINE***

In these consolidated timber sale cases, Plaintiffs filed a Motion *In Limine* on July 6, 2006 seeking clarification of the proof necessary to show Government liability for breach of contract, and for breach of the implied duties to cooperate and not to hinder performance. Defendant has opposed Plaintiffs' motion in an August 7, 2006 Response, and Plaintiffs have filed an August 31, 2006 Reply.

Plaintiffs held contracts with the United States Forest Service ("Forest Service") for harvesting timber in two sales areas known as Griz and West Lone Pine in the Six Rivers National Forest in northern California. The current disputes stem from a major forest fire, known as the Megram Fire, that occurred in northern California in 1999. Plaintiffs allege that the Forest Service prevented them from cutting and removing catastrophe-affected timber before it became commercially worthless in December 2001. A United States District Court issued injunctive relief preventing such timber removal for a portion of the relevant time period until the Forest Service prepared an adequate Environmental Impact Statement ("EIS") in compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§

4321-4370, and the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600-1640. Sierra Club v. Bosworth, 199 F.Supp.2d 971 (N.D.Cal. 2002). The Forest Service terminated Plaintiffs' contracts on December 16, 2002, with little of the catastrophe-affected timber being removed. Plaintiffs filed Contract Disputes Act claims in 2001 and 2002, which the Contracting Officer denied.

On June 20, 2005, our Court denied Plaintiffs' motion for summary judgment, and granted in part and denied in part Defendant's cross-motion for summary judgment regarding Counts I, II, and IV of Plaintiffs' Complaints. Trinity River Lumber Co. et al. v. United States, 66 Fed. Cl. 98 (2005) (Bruggink, J.). Our Court ruled in a comprehensive opinion that the existence of material fact issues would require a trial on certain aspects of Count I (breach of contract) and all of Count II (breach of implied duties). Thereafter, on December 6, 2005, this case was transferred to the undersigned pursuant to Rule 40.1(b) of the Rules of the Court of Federal Claims ("RCFC").

Plaintiffs contend in their Motion *In Limine* that confusion exists regarding the scope of the trial, particularly as to the effect of the District Court's Bosworth decision, and the evidence that Plaintiffs must present at trial in light of Senior Judge Bruggink's June 20, 2005 Opinion. In response, Defendant maintains that Plaintiffs' motion is not a proper motion *in limine*, and that Plaintiffs are requesting the Court to reconsider the June 20, 2005 Order, or to engage in a new round of dispositive motions on issues that have been decided.

Upon review of the parties' positions, the Court finds that the June 20, 2005 Opinion provides the necessary guidance contemplated by RCFC 56(d). Among the rulings in the June 20, 2005 Opinion are the following excerpts, which the Court again endorses:

On the issue of whether the Forest Service breached Plaintiffs' contracts through delayed performance, the Court ruled:

> Plaintiffs, therefore, must show that the Forest Service unreasonably caused the delays that prevented them from harvesting all of the additional timber – the timber originally agreed upon by the parties in the modifications and any further timber the Forest Service should have offered.

Trinity River, 66 Fed. Cl. at 107.

With reference to the Bosworth decision, and whether the delays attributable to that litigation violate the implied duties to cooperate and not to hinder performance, the Court ruled:

> . . . these implied duties prevent the Forest Service from suspending contracts indefinitely in order to comply with a court order if its own unreasonable or wrongful actions caused the order to be imposed, or if it unreasonably delayed in remedying the offending circumstances. The question, therefore, is whether the Forest Service's actions were reasonable, both in drafting the EIS and in litigating its sufficiency.

Id. at 108 (citations omitted).

> [A] breach of the implied duties to cooperate and not to hinder may be found where the government causes delay by unreasonably prolonging timber contract suspensions or by unreasonably provoking the suspension of a contract. If such a breach causes harm to purchasers, the government may be found liable for damages.

Id. at 111.

> To succeed, plaintiffs would have to demonstrate that the Forest Service was so derelict in its preparation of the Phase I EIS that it provoked a challenge which otherwise would not have arisen, or that it was unnecessarily sustained.
>
> In this regard, the Bosworth decision is insufficient alone to entitle plaintiffs to relief. The standards of conduct under the Administrative Procedures Act are not identical to the implied duties to cooperate and not to hinder . . . . [V]iolation of statutory obligations not incorporated into a contract does not automatically establish a breach of contract.
>
> * * *
>
> At trial, the issue will be whether the Forest Service conducted itself 'diligently' and in good faith and whether it knew or should

> have known that its environmental assessment was inadequate when it awarded the contract.

Id. at 112 (internal quotations and citations omitted).

With respect to Plaintiffs' evidence, the Court also noted that:

> To succeed in their claims under Count II, plaintiffs would also have to demonstrate that absent delay caused by the Forest Service, sufficient time would have been available to permit the harvesting of timber before the end of the 2001 season.

Id. at 107.

For the foregoing reasons, the Court concludes that the June 20, 2005 Opinion on cross-motions for summary judgment complies with RCFC 56(d), and that additional guidance is unnecessary. Accordingly, Plaintiffs' Motion *In Limine* is DENIED.

**IT IS SO ORDERED.**

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge