IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TRINITY RIVER LUMBER COMPANY, INC., )
)
Plaintiff, )
)
v. )
)
THE UNITED STATES, )
)
Defendant. )

---

HAGEN & SONS, )
)
Plaintiff, )
)
v. )
)
THE UNITED STATES, )
)
Defendant. )

Consolidated
No. 02-943 C
(Judge Wheeler)

DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Rule 37(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), we respectfully request the Court to order plaintiffs to produce the standard business financial records that we have requested pursuant to RCFC 34. We have conferred in good faith with plaintiffs in an effort to secure the documents without Court action, and we have provided plaintiffs with reasonable notice that we would apply for an order to compel production. See Appendix Tab 5 and Tab 6.

On May 23, 2006, pursuant to RCFC 34, we served upon plaintiffs our requests for standard business financial documents, for example, balance sheets, income statements, statement of changes in financial position or statements of cash flow, income tax returns, lists of subsidiaries and of financial interests in other companies, electronic copies of plaintiffs'

accounting datafile. See Appendix Tab 1 (document requests 11 through 14). Plaintiffs objected to the requests as irrelevant and burdensome and declined to produce the requested documents. See Appendix Tab 2 (plaintiffs responses to requests 14 through 20).

On September 29, 2006, pursuant to RCFC 34, we requested that plaintiffs produce their general ledgers. See Appendix Tab 3 (document request 22). Plaintiffs again objected to the request as irrelevant and burdensome and declined to produce the requested documents. Plaintiff Hagen & Sons indicated that it has no general ledgers. See Appendix Tab 4 (plaintiffs' response to request 22).

By letter dated September 29, 2006, we again requested that plaintiffs produce the documents. We explained the relevance of the documents and our need for them so that we could analyze and evaluate plaintiffs' claims. See Appendix Tab 5. Oral discussions between counsel followed, and we agreed to write again to explain the relevance and our need for the documents. By letter dated January 18, 2007, we again requested that plaintiffs produce the requested documents. See Appendix Tab 6. Further oral discussions between counsel followed, to no avail, and by letter dated February 15, 2007, plaintiffs confirmed their refusal to produce the documents. See Appendix Tab 7.

Plaintiffs' objections are not well-taken. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. RCFC 26(b)(1). A

party may request from another party the production of documents. See RCFC 34(a)(1). Relevant evidence is defined as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401 of the Federal Rules of Evidence. Relevance is construed more broadly for discovery than for trial. See Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986); Speller v. United States, 14 Cl. Ct. 170, 172 (1988) (citing Heat & Control). When there is doubt over relevance, the Court should be permissive. Heat & Control, 785 F.2d at 1024.

A party may object to a request if it is irrelevant or unduly burdensome, but, to prevail upon its objection, the objecting party must do more than simply intone the familiar litany that the discovery sought is irrelevant or burdensome. See Pacific Gas & Elec. Co. v. United States, 69 Fed. Cl. 323, 325-26 (2005). The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the Federal discovery rules, a request is not relevant and, by submitting affidavits or offering evidence revealing the nature of the burden, how responding to a request would be unduly burdensome. Id. Plaintiffs' objections to our requests for the production of documents 11 through 14 and 22 merely state those objections and generic assertions that the information would not be of assistance because it would not be specific to plaintiffs' claims. Those objections are not

sufficient to allow plaintiffs to refuse to produce the requested documents. The Court, therefore, should order plaintiffs to respond to those requests by producing responsive documents.

We have requested standard business financial documents that any business should generate, maintain, and retain. Any burden of production should be minimal. We have requested documents for the time when plaintiffs were originally bidding upon and performing the contracts as initially awarded, the time subsequent to the fire that suspended operations, the time relative to the modifications of the contracts, and the time following the time when the modifications would have been performed. The documents that we seek are relevant to evaluating what damages, if any, plaintiffs may have suffered as a result of the alleged breach of contract.

Plaintiffs allege a breach and seek damages consisting of, among other things, costs, lost revenues, out-of-pocket expenses, and overhead. See, e.g., First Amended Complaints paras. 52, 57, 62 and "Wherefore" prayer for relief. The standard business financial documents that we have requested will facilitate an understanding of plaintiffs' companies and business operations, including how they make money, the assets owned and liabilities owed, the costs incurred in generating revenues, profits, expenses, and overhead. The documents will allow an evaluation of plaintiffs' damages claims relative to their operations before and after the alleged breach. We are entitled to have plaintiffs produce these documents.

Moreover, because of our need for these documents to analyze and evaluate plaintiffs' claims, we have filed simultaneously with this motion to compel a request that the Court enlarge the time for exchanging expert reports (and the associated time for conducting expert depositions) until 30 days after we have received the requested documents from plaintiffs.

For these reasons, we respectfully request the Court to order plaintiffs to produce the documents responsive to our document requests 11 through 14 and 22.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Acting Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-8257
Facsimile: (202) 307-0972

OF COUNSEL:

JAMES L. ROSEN
USDA Office of General Counsel
San Francisco, CA

February 20, 2007

Attorneys for Defendant

APPENDIX

APPENDIX
TAB 1

the April 1, 2002 claim letter, and all documents supporting the numbers shown on the spread sheet.

Document Request No. 8

Documents supporting the amounts claimed in Hagen & Sons's July 31, 2002 supplemental claim letter, including, but not limited to,

a. an electronic copy of the spread sheet attached to the July 31, 2002 supplemental claim letter, and all documents supporting the numbers shown on the spread sheet.

Document Request No. 9

Documents supporting each plaintiff's 10 percent overhead calculation.

Document Request No. 10

Documents supporting each plaintiff's 10 percent profit calculation.

Document Request No. 11

Balance sheets, income statements, statements of changes in financial position or statements of cash flows, and statements of stockholders equity or partners capital accounts for each plaintiff for the years 1995 through 2003.

Document Request No. 12

Income tax returns for each plaintiff for the years 1995 through 2003.

Document Request No. 13

For each plaintiff, lists of subsidiaries and of financial interests in other companies, with all relevant financial statements for the years 1995 through 2003.

Document Request No. 14

For each plaintiff, an electronic copy of the accounting datafile, for example, QuickBooks, MAS90, Peachtree, etc.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Reginald T. Blades, Jr.

REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

JAMES L. ROSEN
USDA Office of General Counsel
San Francisco, CA

May 23, 2006

APPENDIX
TAB 2

claim or a request for equitable adjustment. See, e.g., Reidhead Lumber Co., AGBCA No. 2000-126-1, 01-2 BCA ¶ 31,486 (June 29, 2001), at 155,441; Carvel Walker, ENGBCA No. 3744, 78-1 BCA ¶ 13,055, at 63,422.

Plaintiffs' Response to Document Request No. 10:

Plaintiffs' claim for profit at 10% of cost in connection with their claims is based upon caselaw holding that a markup of 10% profit is customary and reasonable in connection with a claim. See, e.g., Reidhead Lumber Co., AGBCA No. 2000-126-1, 01-2 BCA ¶ 31,486 (June 29, 2001), at 155,441; Carvel Walker, ENGBCA No. 3744, 78-1 BCA ¶ 13,055, at 63,422.

Plaintiffs' Response to Document Request No. 11:

Plaintiffs object to defendant's Request No. 11 because it is overbroad, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. The company-wide financial documents requested for each plaintiff contain no individual financial information relevant to the claims in the instant action. In each case the plaintiff's damages are based upon a specific transaction and the costs or lost profits arising out of that transaction. Plaintiffs' general financial status as reflected in the documents called for by Request No. 11 have no bearing on these specific transactions. Further, plaintiffs' damages involve the years 2000 and 2001. Accordingly, financial documents pertaining to plaintiffs' general financial status for calendar years 1995-1999 and 2002-2003 are irrelevant.

Plaintiffs' Response to Document Request No. 12:

See plaintiffs' objection to Request No. 11.

Plaintiffs' Response to Document Request No. 13:

Plaintiffs object to Request No. 13 because it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The documents requested have no bearing on the instant lawsuit or plaintiffs' claims in this lawsuit. The term "all relevant financial statements" is vague and overbroad. Plaintiffs' damages involve calendar years 2000 and 2001. Accordingly, requests for "all relevant financial statements" for calendar years 1995-1999 and 2002-2003 are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' Response to Document Request No. 14:

Plaintiffs object to Request No. 14 as overbroad, unduly burdensome and irrelevant. In addition, plaintiffs object to the vague and undefined term "accounting datafile." The instant action involves damages incurred by plaintiffs and their subcontractors with regard to two timber sales and the replacement costs, lost profits on logs, other individualized damages and out-of-pocket expenses arising directly out of those sales. Assuming defendant is requesting an electronic copy of all or some portion of plaintiffs' general accounting systems, this request is not relevant to plaintiffs' damages and not reasonably calculated to lead to the discovery of admissible evidence.

APPENDIX
TAB 3

Document Request No. 19

Documents indicating what, if any, equipment Trinity River Lumber Company had in place or was ready to be moved to the West Lone Pine Sale Area in August, 1999.

Document Request No. 20

Documents indicating what, if any, equipment Trinity River Lumber Company had in place or was ready to be moved to the West Lone Pine Sale Area between April 18, 2001, and June 26, 2001.

Document Request No. 21

Documents containing harvest data for the West Lone Pine and Griz Sale Areas for the period prior to the Megram Fire; such data should include the quantity of timber harvested, cost to harvest, and profit from harvest.

Document Request No. 22

General ledgers for each of the plaintiffs for the years 1995 through 2003.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

APPENDIX
TAB 4

**PLAINTIFFS' RESPONSE TO DOCUMENT REQUEST NO. 22:**

Plaintiffs object to Request No. 22 because it calls for documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Trinity River further objects based on undue burden. Responding to this request would require searching offsite stored records for hundreds or even thousands of pages of hard copies, if such documents still exist for all the years in question. Trinity River has changed its accounting software since these general ledgers were produced and the documents can no longer be accessed in electronic form.

The general ledgers maintained for the years 1995 through 1999 and 2003 are outside of the damage period in this case, do not pertain to time periods during which plaintiffs would have harvested the burned timber, and therefore are not relevant. In addition, general ledgers for the years 2000-2002 do not break down revenues or costs by specific timber sales or log purchases. The aggregate information in these documents would provide no assistance in determining plaintiffs' anticipated costs entailed in harvesting catastrophe-affected timber on the West Lone Pine and Griz sales in calendar years 2000-2002 or Trinity River's and Hagen's anticipated profit on the sale of logs. Hagen has no general ledgers.

APPENDIX
TAB 5

**U.S. Department of Justice**

Civil Division

DMC:RJBlades
154-02-943

Telephone: (202) 514-7300
Facsimile: (202) 307-0972

*Washington, D.C. 20530*

FILE

September 29, 2006

BY HAND

Gary G. Stevens, Esquire
Saltman & Stevens, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Re: *Trinity River Lumber Company/Hagen & Sons v. United States*
Ct. Fed. Cl. Consolidated No. 02-943C

Dear Mr. Stevens:

I write to renew defendant's document production requests numbers 11 through 14 , which were included in the Defendant's Second Request for Production of Documents. In those requests, we requested production of a variety of pertinent financial data relevant to plaintiffs' claims. We requested, for each plaintiff, for the years 1995 through 2003, balance sheets, income statements, statements of changes in financial position or statements of cash flow, and statements of stockholders equity or partners capital accounts (request 11), income tax returns (request 12), a list of subsidiaries and of financial interests in other companies, with all relevant financial statements (request 13), and an electronic copy of the accounting data file, for example QuickBooks, MaS90, PeachTree, etc. (request 14). Plaintiffs objected generally, as follows:

> Plaintiffs object to defendant's Request No. 11 because it is overbroad, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. The company-wide financial documents requested for reach plaintiff contain no individual financial information relevant to the claims in the instant action. In each case the plaintiff's damages are based upon a specific transaction and the costs or lost profits arising out of that transaction.
>
> Plaintiffs' general financial status as reflected in the

> documents called for by Request No. 11 have no bearing on these specific transactions.
>
> Further, plaintiffs' damages involve the years 2000 and 2001. Accordingly, financial documents pertaining to plaintiffs' general financial status for calendar years 1995-1999 and 2002-2003 are irrelevant.

With regard to request 13, plaintiffs raised the following additional objection: "The documents requested have no bearing on the instant lawsuit or plaintiffs' claim in this lawsuit. The term 'all relevant financial statements' is vague and overboard." With regard to request 14, plaintiffs raised the following objection:

> Plaintiffs object to Request No. 14 as overboard, unduly burdensome and irrelevant. In addition, plaintiffs object to the vague and undefined term "accounting data file." The instant action involves damages incurred by plaintiffs and their subcontractors with regard to two timber sales and the replacement costs, lost profits on logs, other individualized damages and out-of-pocket expenses arising directly out of those sales.
>
> Assuming defendant is requesting an electronic copy of all or some portion of the plaintiffs' general accounting system, this request is not relevant to plaintiffs' damages and not reasonably calculated to lead to the discovery of admissible evidence.

The requested information is discoverable and not objectionable. It is relevant and calculated to lead to the discovery of admissible evidence. It is not overly broad or unduly burdensome; plaintiffs should possess and have ready access to the requested information in the conduct of their business. To prove their claims, plaintiffs must demonstrate their claimed losses with factual evidence of the actual cost of logging or replacement cost, or both. Plaintiff's cannot rely upon hypothetical averages that are not supported by company-specific documents. The documents contemplated by these requests should provide evidence of the plaintiffs' actual costs to produce timber, which is relevant to analyzing and evaluating plaintiffs' claimed losses. The time from 1995 to 2001 is relevant because the plaintiffs either did log or expected to log the subject sale areas during this time period. The years 2002 and 2003 are relevant to analyzing, evaluating, and comparing plaintiffs' situations following the claimed losses and how plaintiffs accounted for the claimed losses.

For purposes of these requests, "all relevant financial statements" includes balance sheets, income statements, statements of changes in financial position or statements of cash flow, and statements of stockholders equity or partners capital accounts. With regard to request 14, we are requesting an electronic copy of all of each plaintiff's general accounting system.

---

Please produce the requested documents as soon as possible, but in any event, within the next 20 days.

Very truly yours,

Reginald T. Blades, Jr.

Reginald T. Blades, Jr.
Senior Trial Counsel
Commercial Litigation Branch

APPENDIX
TAB 6

**U.S. Department of Justice**

Civil Division

Telephone: (202) 514-7300
Facsimile: (202) 307-0972

DMC:RJBlades
154-02-943

*Washington, D.C. 20530*

January 18, 2007

FILE COPY

BY HAND

Gary G. Stevens, Esquire
Saltman & Stevens, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Re: *Trinity River Lumber Company/Hagen & Sons v. United States*
Ct. Fed. Cl. Consolidated No. 02-943C

Dear Mr. Stevens:

I write to renew, for a second time, defendant's document production requests numbers 11 through 14 , which were included in the Defendant's Second Request for Production of Documents. I write also to renew, for the first time, defendant's document request number 22, which was included in the Defendant's Third Request for Production of Documents. In those requests, we requested production of a variety of pertinent financial data relevant to plaintiffs' claims. We requested, for each plaintiff, for the years 1995 through 2003, balance sheets, income statements, statements of changes in financial position or statements of cash flow, and statements of stockholders equity or partners capital accounts (request 11), income tax returns (request 12), a list of subsidiaries and of financial interests in other companies, with all relevant financial statements (request 13), an electronic copy of the accounting data file, for example QuickBooks, MaS90, PeachTree, etc. (request 14), and the plaintiffs' general ledgers (request 22). In our letter of September 29, 2006, we clarified these requests by defining "all relevant financial statements" as balance sheets, income statements, statements of changes in financial position or statements of cash flow, and statements of stockholders equity or partners capital accounts, and by stating that Request 14 sought an electronic copy of all of each plaintiff's general accounting system.

---

As you are aware, plaintiffs have repeatedly objected to all of these requests and have refused to produce any responsive documents. We have already recited your objections in our initial re-request letter dated September 29, 2006, so we will not repeat them here.

We respectfully disagree with your position that the requested documents are not relevant, would be unduly burdensome to locate and produce, will not assist us in evaluating the plaintiffs' claims, etc. The requested information is discoverable. The requests are not overly broad, and the information sought in the documents is relevant to the issues raised by your clients in this litigation.

To prove their claims, plaintiffs must demonstrate their claimed losses with factual evidence of the actual cost of logging or replacement cost, not hypothetical averages that are not supported by company-specific documents. The documents requested should be the best source of the plaintiffs' actual costs to produce timber, which is relevant to analyzing and evaluating plaintiffs' claimed losses. We requested these financial and business documents for the period between 1995 and 2003 so that we may evaluate the plaintiffs' general business performance in the years relevant to the contracts at issue in this litigation. Between 1995 and 2001, the plaintiffs either logged or expected to log the subject sale areas. Following Mr. Sanders's and Mr. Hagen's depositions, we know that the subject sale areas were not the plaintiffs' only logging operations in those years, and we are entitled to compare the plaintiffs' claims under the West Lone Pine and Griz contracts in reference to the other timber sales they performed in those years. The requests for documents from years 2002 and 2003 are relevant in that the data from the requested documents will allow us to analyze, evaluate and compare the plaintiffs' situations following the claimed losses and how plaintiffs accounted for the claimed losses. Finally, the data contained in these documents should provide a basis for evaluating the plaintiffs' claimed market-value losses, especially in light of Mr. Hagen's testimony that, at the time, he kept abreast of the timber market so that he could make the best business deals possible.

Obtaining the requested information should not be unduly burdensome. The records requested are standard business and financial records that any business should generate and retain. In some of their responses to our requests, plaintiffs have complained that complying with the requests would "require searching offsite stored records for hundreds or even thousands of pages of hard copies, if such documents still exist for all the years in question." Plaintiffs seek to recover millions of dollars from the United States through litigation they initiated. Commercial cases such as this one often involve searching for and producing potentially large quantities of documentary evidence. Fact discovery has been extended in this case multiple times, and plaintiffs have had ample opportunity to search their offsite storage facilities to determine whether these documents exist and to produce them. Furthermore, the United States has repeatedly conducted searches of various buildings and storerooms throughout the Shasta/Trinity National Forest at plaintiffs' request; we are not asking plaintiffs to do any more than we have already done for them.

---

Finally, this letter satisfies our meet-and-confer obligation regarding these issues. Please produce the requested documents as soon as possible, but in any event, within the next 20 days. We would welcome an opportunity to discuss these issues in an effort to resolve them without having to burden the court with a motion to compel.

Very truly yours,

Reginald T. Blades, Jr.

Reginald T. Blades, Jr.
Senior Trial Counsel
Commercial Litigation Branch

APPENDIX
TAB 7

SALTMAN & STEVENS, P.C.

1801 K Street, N.W., Suite M-110, Washington, D.C. 20006

(202) 452-2140
Fax: (202) 775-8217
E-mail: gstevens@saltmanandstevens.com

February 15, 2007

**ORIGINAL VIA FIRST-CLASS MAIL**
**COPY VIA EMAIL**

Reginald T. Blades, Jr.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W.
Room 8012
Washington, D.C. 20530

Re: Trinity River Lumber Company v. United States and Hagen & Sons v. United States, CoFC No. 02-943C

Dear Mr. Blades:

As you know, plaintiffs have declined to produce documents in response to defendant's document Request Nos. 11-12, 14 and 22 (there are no documents responsive to Request No. 13). Plaintiffs' position is that these requests for the production of company-wide balance sheets, income statements, statements of changes in financial position, tax returns, general ledgers and electronic accounting data files dating from 1995 to 2003 (nine years of data) are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, producing the documents requested from plaintiff Trinity River Lumber Company ("Trinity") would be unduly burdensome. Trinity is a small company with a total office staff of three, and these documents are only available in hard copy. The general ledgers (approximately 60-80 pages per month over a nine-year period) called for in defendant's Request No. 22 alone would involve searching for thousands of pages of documents in scores of boxes of historical records stored outside Trinity's offices. Moreover, these documents are not relevant because they do not report income, profits, losses or expenses on the basis of specific timber sales or log purchases, much less any information specific to Trinity's WLP timber sale or Hagen & Sons' ("Hagen") Griz timber sale or Trinity's timber replacement costs which are the subject of this action. In addition, plaintiffs have recently informed defendant that they intend to limit their claims for damages in this case to damages arising out of calendar year 2001 actual or anticipated operations. Therefore, the revenue, expenses, losses or profits earned or incurred by either

plaintiff in other years with respect to other timber sales under different market conditions in different locations involving different hauling and logging requirements can have no reasonable bearing on plaintiffs' damages in this lawsuit. Finally, as I have informed you, Trinity changed its accounting software in 2005 and no longer has any electronic records or data files for 1995-2003, and, as you also know, Hagen's business records of the type requested for all periods prior to August of 2001 were destroyed in a fire in 2001. (Hagen deposition at 47.) In addition, plaintiff Hagen did not exist prior to 1998.

After our exchange of letters and several telephone conversations, it appears that the parties cannot resolve their disagreement on the production of these documents, and no compromise is apparently acceptable to defendant. If defendant is determined to pursue this issue further, I propose that the most efficient way to resolve this disagreement is to present Judge Wheeler with defendant's document requests, plaintiffs' objections and responses, defendant's letters of September 29, 2006 and January 18, 2007 and this letter, and then schedule a telephonic hearing with the Court for the purpose of obtaining the Court's oral rulings on plaintiffs' objections. We believe this approach would save both parties and the Court considerable time and effort. Please let me know if this approach is acceptable to defendant.

**Plaintiffs' Objections To Defendant's Document Requests**

Defendant's Document Request No. 11

In addition to plaintiffs' response to defendant's Request No. 11 served on July 26, 2006, plaintiffs state that Trinity changed its accounting software in 2005 and has no electronic records or data files for the documents requested by defendant. Hagen is a one-man business operated by Stephen Hagen. Hagen has tax returns but none of the other financial documents that have been requested. Trinity is a small business organized as a corporation and has tax returns, balance sheets and income statements, including statements of changes in financial position, but does not have any of the other types of documents requested. Pursuant to Trinity's established document retention policy, business records are generally only maintained for seven years. Accordingly, the documents sought by Request No. 11 for 1995-1998 probably are no longer in existence. As you know, in August 2001 a fire destroyed all of Hagen's financial records, and Hagen has no hard copies or electronic data files prior to that date. (Hagen deposition at 47.) As I have previously stated, the documents called for by defendant's Request No. 11 are company-wide financial documents that do not track expenses, revenues, profits or losses by specific timber sales, log sales or purchases. These documents are not relevant to plaintiffs' damages.

Defendant's Document Request No. 12

In addition to its objections to defendant's Request No. 12 served on July 26, 2006, plaintiffs reiterate the justification for its objections set forth above in response to defendant's Request No. 11.

Defendant's Document Request No. 13

In addition to plaintiffs' objections to defendant's Request No. 13 served on July 26, 2006, and as I have told you, neither Trinity nor Hagen had subsidiaries or any financial interests in other companies in the years in question. There are no documents responsive to this request.

Defendant's Document Request No. 14

In addition to plaintiffs' objections to defendant's Request No. 14 served on July 26, 2006, plaintiffs state that Trinity changed its accounting software in 2005 and has no electronic records or data files for 1995-2003. Hagen itself has no such accounting software. Hagen used independent accountants to prepare its taxes for calendar years 1998-2003.

Defendant's Document Request No. 22

In addition to plaintiffs' response to defendant's Request No. 22 served on November 14, 2006, plaintiffs state that Trinity is a small company with an office staff of only three people, only one of whom has sufficient financial expertise to locate Trinity's general ledgers. Responding to defendant's request for general ledgers (approximately 60-80 pages per month) for a nine-year period would occupy many days, if not weeks, of effort by a key member of this small staff. More importantly, the entries in Trinity's general ledgers do not track revenue or expenses by specific timber sales, log purchases or purchase orders. Accordingly, these general ledgers would provide no basis for analysis or comparisons of anticipated operations on the WLP or Griz timber sales nor would these documents provide any data specific to purchase orders or log purchases intended for replacement timber for the WLP sale. Hagen has no general ledgers.

Finally, in addition to this letter and defendant's letters of September 29, 2006 and January 18, 2007, we have had several telephone conversations in which I have reiterated the foregoing and asked defendant to give me some specific examples of how the documents requested will provide any relevant information bearing on plaintiffs' damages. Defendant has been unable or unwilling to provide any such examples. Plaintiff continues to be willing to provide defendant with any documents reasonably relevant to their claims.

Sincerely yours,

SALTMAN & STEVENS, P.C.

Gary G. Stevens

GGS/bjr

CERTIFICATE OF FILING

I hereby certify that on February 20, 2007, a copy of the foregoing “DEFENDANT’S MOTION TO COMPEL PRODUCTION OF DOCUMENTS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.