**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

TRINITY RIVER LUMBER COMPANY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 02-943C
(Judge Wheeler)

HAGEN & SONS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFFS' OPPOSITON TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DFENDANT'S MOTION TO MODIFY SCHEDULE FOR EXPERT DISCOVERY**

On February 20, 2007 (eight days before defendant's initial expert reports were due under the Court's revised scheduling order filed December 11, 2006), defendant moved for an order compelling plaintiffs to produce certain financial records requested months ago by defendant in its Document Request Nos. 11-14 and 22. At the same time defendant has moved to modify the Court's revised scheduling order which currently requires the exchange of initial expert reports on February 28, 2007; the exchange of rebuttal expert reports on or before March 30, 2007; and the taking of expert witness depositions on or before April 27, 2007. Defendant requests that the

Court "enlarge the time for exchanging expert reports until 30 days after we have reviewed the requested documents from plaintiffs." Defendant's Motion to Modify at 1 (emphasis supplied). As a practical matter, this would enlarge all of the above-referenced due dates by more than 30 days, assuming the Court determines that defendant is entitled to any of the documents which it seeks. Defendant's motion does not speak to how the Court's schedule should be modified in the event defendant's motion to compel is denied in its entirety (the most likely outcome). Plaintiffs oppose both of defendant's motions as untimely and further oppose defendant's motion to compel because the documents that defendant seeks are patently irrelevant under the standard of RCFC 26 and the production of at least some of these documents would be unduly burdensome for plaintiff Trinity River Lumber Company, Inc. ("Trinity River").

In support of this opposition plaintiffs rely upon the letter of Gary Stevens to Reginald Blades dated February 15, 2007 (Defendant's Appendix Tab 7); plaintiffs' responses to defendant's Document Request Nos. 11-14 and 22 (Defendant's Appendix Tabs 2 and 4); the Declarations of Gerald R. Tadina, Beverly S. Wilson and Stephen J. Hagen filed herewith; and the reasons set forth below.[1]

[1]Notwithstanding plaintiffs' opposition to both of defendant's motions, plaintiffs do not object to an enlargement of time of ten business days from the date on which the Court decides defendant's two motions or, in the alternative, should the Court decide that defendant is entitled to any of the documents it requests (and plaintiffs believe that this is unlikely), an enlargement of ten business days from the date on which such documents are provided to defendant. Defendant should be able to provide plaintiffs with substantial initial expert reports within this time frame, if defendant's experts have been working diligently up to this point.

**Defendant's Motions Are Untimely**

Defendant's motions are untimely because defendant received plaintiffs' objections to defendant's Document Request Nos. 11-14 on July 26, 2006 – nearly seven months ago. (Plaintiffs' Certificate of Service dated July 26, 2006, Attachment 1 hereto). Defendant's counsel did not contact plaintiffs' counsel again regarding plaintiffs' objections until defendant's counsel's letter of September 29, 2006 (Defendant's Appendix Tab 5). Defendant's counsel then requested the documents responsive to these requests be produced as soon as possible or, in any event, within the next 20 days. Plaintiffs continued to maintain their objections to defendant's Document Request Nos. 11-14 and declined to produce the documents requested. For approximately the next four months, there were no further communications between defendant's counsel and plaintiffs' counsel regarding defendant's Document Request Nos. 11-14.

On September 29, 2006, defendant also served additional document requests on plaintiffs, including Document Request No. 22. (Defendant's Appendix Tab 3.) On November 14, 2006, plaintiffs responded to defendant's September 29, 2006 document requests, including their objections to Request No. 22. (Plaintiffs' Certificate of Service dated November 14, 2006, Attachment 2 hereto.)

Defendant's counsel did not contact plaintiffs' counsel regarding responses to Document Request Nos. 11-14 and 22 again until defendant's counsel's letter of January 18, 2007 (Defendant's Appendix Tab 6.) Plaintiffs' counsel responded orally to defendant's counsel's letter of January 18, 2007 and reiterated plaintiffs' position in his letter dated February 15, 2007. (Defendant's Appendix Tab 7.) Plaintiffs' counsel also repeated his previous request that

defendant provide specific examples of how the nine years of the company-wide financial documents sought by defendant could possibly be relevant to the damages alleged by plaintiffs which arise out of the 2001 timber harvesting season. Defendant's only response was to reassert its need for these company-wide business documents "so that we may evaluate the plaintiffs' general business performance in the years relevant to the contracts at issue in this litigation . . . to analyze, evaluate and compare plaintiffs' situations following the claimed losses and how plaintiffs accounted for the claimed losses . . . [and to] provide a basis for evaluating the plaintiffs' claimed market-value losses."[2] (Defendant's Appendix Tab 6, Defendant's counsel January 18, 2007 letter.) However, apart from certain actual operational expenses and subcontract logger expenses, plaintiffs' damages consist entirely of excess replacement timber costs and lost profits on the lost sales of certain large logs and logs of minor species from the West Lone Pine sale (Trinity River's damages) and lost profits on lost sales on all logs from the Griz sale (Hagen's damages). In support of these damages, plaintiffs have provided defendant with specific business records such as the purchase orders for the replacement logs and price quotes or purchase orders which Trinity River and Hagen obtained from buyers in anticipation of making the log sales or with respect to other log sales within the same approximate time frame. Similarly, plaintiffs have provided defendant with documentation for their anticipated costs based upon actual quotations from subcontractors who stood ready to perform. Plaintiffs' "general business performance" between 1995 and 2003 involving other timber sales, other log

[2]Plaintiffs do claim lost profits as a result of the Forest Service's not allowing them to harvest the fire-affected timber and sell some of the logs to buyers who had given them purchase orders for those logs. However, plaintiffs have no idea what defendant's counsel means in his letter by "plaintiffs' claimed market-value losses."

sales or purchases, different logging systems, different conditions on the ground, different hauling distances and different economic markets have no bearing on this case.[3]

Simply put, defendant was on notice several months ago that plaintiffs objected to defendant's Document Request Nos. 11-14 and 22. If defendant truly needed any information from the documents requested in order to prepare its initial expert reports, one would reasonably have expected a timely motion to compel months ago. This is further reinforced by defendant's failure to provide any specific examples of how these company-wide financial documents covering a nine-year period would be relevant to plaintiffs' 2001 based damages.

**Legal Standard**

In its motion to compel, defendant implies that plaintiffs bear the burden of proof with respect to defendant's motion. This is not correct. Of course, in the first instance, plaintiffs must by declaration or otherwise explain in detail the factual basis for their claims that the documents sought are not relevant under RCFC 26 and that an undue burden that would be imposed on plaintiffs if these documents must be produced. However, once this has occurred then courts typically engage in a balancing exercise in which the burden on the party asked to produce is weighed against the benefit to the party seeking discovery in light of the degree of relevance involved. Pacific Gas & Electric Co. v. United States, 69 Fed. Cl. 323, 325 (2005) (cited in Defendant's Motion to Compel at 3). In this filing, including the declarations of Gerald R.

[3]Plaintiffs have informed defendant that they intend to limit the damages sought under Counts I and II of the Complaint to losses flowing from plaintiffs' inability to operate on the WLP and Griz sales during the 2001 operating season and will not seek damages in the alternative, with regard to the 2000 operating season.

Tadina, Beverly S. Wilson and Stephen J. Hagen, plaintiffs submit that they have substantiated their objections and that they should prevail.

**Plaintiffs' Objections To Defendant's Document Request Nos. 11-14 and 22**

Plaintiffs respectfully refer the Court to plaintiffs' counsel's letter to defendant's counsel dated February 15, 2007 (Defendant's Appendix Tab 7) for the most concise justification for plaintiffs' objections. Plaintiffs also offer the following brief comments:

Defendant's Document Request No. 11:

See declarations of Gerald R. Tadina, Beverly S. Wilson and Stephen J. Hagen filed herewith.

Defendant's Document Request No. 12:

See declarations of Gerald R. Tadina and Stephen J. Hagen filed herewith. Plaintiff Hagen & Sons ("Hagen") did not exist prior to 1998.

Defendant's Document Request No. 13:

As stated repeatedly orally and in writing to defendant, neither Trinity River nor Hagen had subsidiaries or financial interests in other companies during the years 1995-2003. See declarations of Gerald R. Tadina and Stephen J. Hagen filed herewith.

Defendant's Document Request No. 14:

As previously stated in writing and orally to defendant, neither Trinity River nor Hagen have any electronic accounting data files for the years 1995-2003. See declarations of Gerald R. Tadina, Stephen J. Hagen and Beverly S. Wilson filed herewith.

Defendant's Document Request No. 22:

As previously stated orally and in writing to defendant, Hagen has no general ledgers and Trinity River only has hard copies of general ledgers (with some possibly missing) for the years in question. In 2001, a former employee of Trinity River, without Trinity River's authorization, threw out an unknown quantity of general ledgers and other financial documents. Whatever general ledgers may continue to exist for 1995-2003 would only be in hard copy and would have to be located and retrieved from a metal storage building near Trinity River's mill in Weaverville, CA. Only one office employee of Trinity River's office staff of three employees would have the expertise to conduct such a search which would take days or weeks searching in an unheated storage building. This would prevent that employee from preparing payrolls and completing other vital tasks for Trinity River which would be extremely burdensome to Trinity River. Hiring outside help to assist her would not significantly reduce the need for her intensive involvement in both the search and in completing the other tasks normally assigned to her. Since Trinity River's general ledgers for the time period in question average 60-80 pages of transactions per month, this would entail searching numerous boxes of documents covering a nine-year period for almost 9,000 pages of general ledgers in below freezing or near freezing winter temperatures with likely heavy snowfall at some point impeding this effort. Like the other documents defendant has requested, Trinity River's general ledgers do not track or allocate

expenses or income by specific timber sales, log purchase orders, log sales or other specific contracts for the sale or purchase of logs or timber. Trinity River's general ledgers would be of no use in analyzing its claims for replacement costs or lost profits on the anticipated sale of logs from the West Lone Pine sale. See declarations of Beverly S. Wilson, Gerald R. Tadina and Stephen J. Hagen filed herewith.

**Documents Supporting Plaintiffs' Damages**

Plaintiffs have already provided defendant with transaction-specific documents supporting their damages. Trinity River's damages consist of timber replacement costs, lost profits on the sale of E-logs (large highly valuable logs not appropriate for Trinity River's mill), certain operational costs incurred by Trinity River in preparing to operate on the West Lone Pine sale in the 2001 operating season and the expenses incurred by Trinity River's subcontractors for mobilizing and waiting for the opportunity which never came to operate on the West Lone Pine sale in 2001. Plaintiff Hagen's damages consist of its lost profits on the sale of logs from the Griz timber sale plus some operational costs incurred by Hagen in preparing to harvest timber on the Griz sale in 2001 and the expenses incurred by Hagen's helicopter subcontract logger in preparing for and waiting for the opportunity which never came to harvest timber on the Griz in 2001. Plaintiff's profits, losses, assets, liabilities, general expenses or revenue and stockholder's equity related to their respective companies as a whole over a nine-year period are not relevant to the specific damage elements alleged in this case. The trial of damages in this action is properly limited to documentation specifically focused on plaintiffs' actual or planned 2001 operations and the replacement costs and lost profits and the other specific elements of damage that flowed from those actual or planned operations.

**Conclusion**

For each of the foregoing reasons, plaintiffs submit that their objections to producing documents in response to defendant's Document Request Nos. 11-14 and 22 should be sustained and defendant's motions be denied.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiffs

OF COUNSEL:

Ruth G. Tiger
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: February 27, 2007

# ATTACHMENT 1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July 2006, I caused to be served via hand delivery, the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS** on Reginald T. Blades, Jr., counsel for defendant The United States, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Attn: Classification Unit, 1100 L Street, N.W., Room 8012, Washington, D.C. 20530.

Beverly J. Rector

**Attachment 1**

# ATTACHMENT 2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2006, I caused to be served via hand delivery the foregoing **PLAINTIFFS' RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES AND DEFENDANT'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on Reginald T. Blades, Jr., counsel for defendant The United States, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Attn: Classification Unit, 1100 L Street, N.W., Room 8012, Washington, D.C. 20530.

Beverly J. Rector

Beverly J. Rector

**Attachment 2**