**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

TRINITY RIVER LUMBER COMPANY, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 02-943C
(Judge Wheeler)

HAGEN & SONS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DECLARATION OF BEVERLY S. WILSON**

I, Beverly S. Wilson, declare under penalty of perjury that the following is true and correct to the best of my personal knowledge and belief:

1. I have been employed by Trinity River Lumber Company, Inc. ("Trinity River") since 1983. Trinity River currently has an office staff of three people, including myself. I am the Trinity River employee with principal responsibility for financial recordkeeping, and since late 2001 I have been responsible for preparing Trinity River's general ledgers.

2. Trinity River's general ledgers average approximately 60-80 pages per month from 1995 to 2003. In 2005, Trinity River changed its accounting software. Neither Trinity River nor its certified public accountant, Gerald Tadina of D. H. Scott & Company, have any electronic data files or other electronic means of reproducing Trinity River's general ledgers for the time period 1995-2003. Therefore, Trinity River has only hard copies of the general ledgers from that time period.

3. In addition, at points in time in 2001 and earlier an employee who is no longer with Trinity River threw out some hard copies of these general ledgers and other documents without company authorization. It is, therefore, likely that at least some of the general ledgers from this time period no longer exist even in hard copy.

4. Trinity River's general ledgers, to the extent they exist, from time periods 1995-2001 are stored in miscellaneous boxes with other records in an unheated metal building on the grounds of Trinity River's lumber mill. Because of the past actions of the former employee referenced above, there is no certainty that all copies of Trinity River's general ledgers from this time period would be in plainly-marked files or easily retrievable. It would not be efficient or effective for anyone other than me to search for these documents. I estimate that it would require several days to several weeks of full-time effort for me to perform a diligent search. This would prevent me from attending to my regular duties in preparing payrolls and completing other vital tasks for Trinity River. Hiring outside help to assist me would not significantly reduce the need for my intensive personal involvement. Since Trinity River's general ledgers from the time period in question average 60-80 pages of transactions per month, this would entail my searching

numerous boxes of documents covering a nine-year period for almost 9,000 pages of general ledgers in below freezing or near freezing winter temperatures with likely heavy snowfall at some point impeding this effort.

5. Trinity River's general ledgers do not track or allocate expenses or income by specific timber sales, log purchase orders, log sales or other specific contracts for the sale or purchase of logs or timber.

Date: February 22, 2007

Beverly S. Wilson
Beverly S. Wilson