# In the United States Court of Federal Claims

No. 02-943C & 02-944C (Consolidated)
(Filed: March 1, 2007)

****************************************
TRINITY RIVER LUMBER CO., INC.,

and

HAGEN & SONS,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
****************************************

## REVISED SCHEDULING ORDER

On February 20, 2007, Defendant filed a Motion to Compel Production of Documents and a Motion to Modify the Schedule for Expert Discovery. Plaintiffs opposed both motions, and the Court conducted a hearing with counsel for the parties on March 1, 2007. The motions concern Defendant's requests to review Plaintiffs' financial and accounting records for a nine-year period.

Based upon a careful consideration of the parties' positions, the Court hereby grants in part and denies in part Defendant's motions. The following procedures will apply:

1. Plaintiffs shall provide Defendant and its experts access to the requested documents for a five-year period instead of a nine-year period. Defendant may define the five-year period of documents it wishes to review. The production of documents shall occur at Plaintiffs' facilities.

2. A period of 21 days, from March 1 through March 21, 2007, is allowed for Defendant to complete its document review and submit its expert reports. The parties shall cooperate to assure that the review is completed within the stated time frame.

3. Defendant may have access to any documents it has previously requested for the five-year period, with the understanding that a sampling of such documents may suffice for Defendant's purposes.

4. Defendant will conduct its document review with Department of Justice attorneys and representatives from Defendant's outside accounting firm. Employees of the Forest Service shall not participate in the review.

5. Plaintiffs shall make available a representative familiar with the financial and accounting documents produced to provide explanations and answer questions. Discussions between Defendant and Plaintiffs' representatives are for the purpose of assisting Defendant in understanding Plaintiffs' accounting system and the information in the documents. Such discussions are not to be considered on the record, and are not admissible as evidence.

6. If necessary, counsel may contact the Court to resolve any irreconcilable disputes that may arise during the review.

The schedule for the completion of expert discovery is extended by 21 days to allow for the above document review. The revised schedule is as follows:

1. The parties shall exchange initial expert reports on or before March 21, 2007.

2. The parties shall exchange rebuttal expert reports on or before April 20, 2007.

3. Depositions of expert witnesses shall be completed on or before May 18, 2007.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge