**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TRINITY RIVER LUMBER COMPANY, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 02-943C, 02-944C<br>(Consolidated)<br>(Judge Wheeler) |
| HAGEN & SONS,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

As a result of the hearing on March 1, 2007, the Court ordered plaintiffs to produce certain documents in response to defendant's document production Request Nos. 11-14 and 22. Because the documents to be produced contain confidential financial information, plaintiffs now move the Court for a Protective Order to limit disclosure of the documents produced and the information contained therein. (Proposed Protective Order in addendum hereto.) This Protective Order is intended to replace the Protective Order issued by the Court on July 31, 2006.

Plaintiffs' counsel has reviewed the terms of this proposed Protective Order with counsel for defendant, and defendant does not oppose this motion.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiffs

OF COUNSEL:

Ruth G. Tiger
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: March 6, 2007

# A D D E N D U M

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TRINITY RIVER LUMBER COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-943C, 02-944C<br>(Consolidated)<br>(Judge Wheeler) |
| HAGEN & SONS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | |

**[Proposed] PROTECTIVE ORDER**

As a result of the hearing on March 1, 2007, the Court withdraws the Protective Order issued July 31, 2006, and issues the following Protective Order in its place.

The Court has determined that certain information that may, by necessity, be disclosed orally or in writing during this action may be proprietary, confidential, or otherwise protectable. To address these concerns, it is ordered that protected information, provided formally or informally during the course of this action, shall be disclosed only in accordance with this Order.

1. All protected information subject to this Protective Order shall be designated by plaintiffs as “Confidential” on the face of the document or, as may be appropriate, in the transcript of any deposition; **EXCEPT THAT** all documents produced by plaintiffs in response to defendant’s document Request Nos. 11-14 and 22 shall automatically be deemed to contain protected information and shall be subject to this Protective Order even if not designated “Confidential.”

2. Counsel for defendant shall not release any documents produced subject to this Protective Order or reveal any information contained in them except to the Court, and any consultant, expert or personnel of defendant to whom disclosure is reasonably necessary for purposes of this action. No protected information shall be disclosed by personnel of defendant to any consultant, expert, or personnel of defendant who is not an employee of the United States unless such person has been designated in writing to counsel for plaintiffs at least ten days in advance of the disclosure. If objection is timely made, no protected information shall be disclosed without approval of the Court. Notwithstanding the foregoing, documents produced subject to this Protective Order in response to defendant’s document Request Nos. 11-14 and 22 or any information contained in them may be provided only to counsel for defendant and employees within his office, defendant’s consultants, experts and Department of Agriculture attorneys as is reasonably necessary for purposes of this action, and such documents or information shall not be provided to any Forest Service personnel.

3. Prior to disclosure of information subject to this Protective Order to any individual to whom disclosure is authorized by paragraph 2 other than the Court, such individual

shall be provided with a copy of this Protective Order and shall sign a non-disclosure agreement which shall require that individual to abide by the terms of this Protective Order, prohibit the disclosure of protected information to anyone not authorized to receive it, prohibit the use of such information except in connection with the claims that are the subject of this consolidated action, and require the return of protected material to counsel for defendant at the conclusion of this litigation in the form attached hereto as Attachment A. Each non-disclosure agreement shall be maintained in the possession of counsel for defendant until 90 days after the conclusion of all trial and appellate proceedings in this case.

4. All individuals receiving information subject to this Protective Order shall maintain the protected information in his or her possession in a manner sufficient to protect such information against unauthorized disclosure.

5. The information produced subject to this Protective Order shall be used solely for the purposes described above and not for any other purpose, except as provided herein. This Protective Order shall apply to copies of the documents originally produced subject to this Protective Order and to information derived therefrom to the same extent as to the documents originally produced.

6. If counsel for either party intends to make any filing with the Court relating to the documents and/or information subject to this Protective Order, counsel shall make the filing with the Court "UNDER SEAL," in sealed envelopes or other approved sealed containers on which

shall be endorsed the case caption of this action, the words "UNDER SEAL," and the following statement:

> CONFIDENTIAL INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

7. Prior to using any documents or information subject to this Protective Order in any hearing or similar public proceeding before the Court, counsel for the parties shall stipulate as to the procedures to be employed to protect the materials from disclosure to any person not authorized above to have access to the material. If necessary, any dispute regarding the procedures for use of protected material or information shall be submitted to the Court for resolution.

8. The right of access to all materials under seal shall be limited to the Court, counsel for the parties, individuals to whom disclosure is authorized by paragraph 2 above, and personnel of and consultants to plaintiffs or plaintiffs' subcontractors on whose behalf the materials under seal were submitted.

9. Within ninety (90) days following the conclusion of all trial and appellate proceedings in this case, counsel for defendant shall take reasonable and prudent efforts to destroy all notes, filings, exhibits, and drafts containing information subject to this Protective Order; **EXCEPT THAT** counsel for defendant may maintain one copy of any protected document in its master file for this matter, and may maintain one copy of any notes, filings, exhibits and drafts containing confidential information in its master file for this matter, provided

that such copies are clearly stamped "CONFIDENTIAL" or affixed with a similar legend indicating that the materials are subject to this Protective Order.

10. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by an order of this Court or by a letter from counsel for plaintiffs with a copy to be provided to the Court, pursuant to a notice filed with the Court.

11. This Protective Order precludes counsel for the parties from disclosing, filing, or introducing into evidence materials which are subject to this Protective Order, or the contents thereof, except as provided above or pursuant to an order of the Court. Should there be a violation of this Protective Order, counsel who becomes aware of the violation shall immediately take appropriate action to cure the violation and retrieve any proprietary information that may have been disclosed to persons not covered by this Protective Order, shall advise the Court and other counsel in writing within ten days of discovery of the violation, and shall reasonably cooperate in determining the reasons for the violation.

12. This Protective Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Rules of the Court of Federal Claims, or permitted by any statute or other authority, and is without prejudice to the rights of either party to make evidentiary objections at trial.

13. This Protective Order shall not restrain the Court from utilizing or referring to protected information contained in these documents in any rulings it may issue in this action. If

any such ruling issued by the Court contains information that is subject to this Protective Order, the Court shall release the ruling to counsel for the parties prior to publication. Counsel for the parties shall be entitled to recommend to the Court redactions of any protected information included in the ruling before that ruling becomes public.

14. With the exception of documents produced by plaintiffs in response to defendant's document Request Nos. 11-14 and 22, which shall automatically be deemed subject to this Protective Order, nothing in the foregoing provisions of this Protective Order shall preclude defendant from objecting to the designation of documents or other material as Confidential. In such event, defendant reserves the right to move for exclusion of any such document from the terms of this Protective Order. Defendant agrees that absent an authorizing order from the Court, defendant will not release any documents or information contained within the documents provided to it pursuant to this Protective Order and will otherwise abide by the terms of this Protective Order. Plaintiffs agree that, except for documents produced by plaintiffs in response to defendant's document Request Nos. 11-14 and 22, if defendant objects to the designation of any document as Confidential under the terms of this Protective Order, plaintiffs shall have the burden of demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this Protective Order.

It is so ORDERED by the Court on this ___ day of March, 2007.

______________________________
Thomas C. Wheeler
Judge, U.S. Court of Federal Claims

ATTACHMENT A

CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, ______________________, certify my understanding that protected information is being provided to me pursuant to the restrictions of the Protective Order entered in Trinity River Lumber Company and Hagen & Sons v. United States, Consolidated No. 02-943C, in the United States Court of Federal Claims. I solemnly swear or affirm that I have reviewed a copy of the Protective Order, and that I will be bound by and comply with the terms of the Order, including any amendments to the Order. I understand that I am prohibited from disclosing protected information to anyone not authorized to receive it and using protected information except in connection with the claims that are the subject of the consolidated Trinity River and Hagen & Sons action in the Court of Federal Claims. I further understand that at the conclusion of this litigation I am required to return to counsel for defendant all protected material, and any copies thereof, including but not limited to notes, emails, summaries, digests, and transcriptions of such information, for disposition in accordance with the Protective Order.

Date: ___________________ Signed: ______________________

Print Name: ______________________